[Cite as *In re Richardson*, 2010-Ohio-3947.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CRAIG V. RICHARDSON


CRAIG V. RICHARDSON

          Applicant


 Case No. V2009-40897

Commissioners:
Elizabeth Luper Schuster, Presiding
Gregory P. Barwell
Randi M. Ostry
ORDER OF A THREE-COMMISSIONER PANEL

{¶ 1} On May 19, 2009, the applicant, Craig Richardson, filed a compensation application as the result of an assault which occurred on April 25, 2009. On August 31, 2009, the Attorney General issued a finding of fact and decision finding the applicant met the jurisdictional requirements necessary to qualify for an award of reparations. However, the Attorney General asserted all or some of the applicant's medical expenses could be reimbursed from Starbridge Insurance Company, a readily available collateral source. If after submission of the expenses to the collateral source not all expenses are reimbursed, a supplemental compensation application could be filed. The Attorney General further determined the applicant did not incur work loss or crime scene cleanup as a result of the incident on April 25, 2009. On October 8, 2009, the applicant submitted a request for reconsideration. On December 7, 2009, the Attorney General rendered a Final Decision, wherein the Attorney General stated that after further investigation, it was determined that the applicant engaged in substantial contributory misconduct; the voluntary participation in a fight with the offender. Therefore, the Attorney General denied the applicant's claim for an award of reparations. On December 28, 2009, the applicant filed a notice of appeal from the

December 7, 2009 Final Decision of the Attorney General.   Hence, a hearing was held before this panel of commissioners on March 17, 2010 at 12:20 P.M.

{¶ 2} The applicant, Craig Richardson, and his attorney, Michael Falleur, attended the hearing, while the state of Ohio was represented by Assistant Attorneys General Matthew Karam and Tyler Brown.

{¶ 3} The applicant contends he was a victim of criminally injurious conduct pursuant to R.C. 2743.51(L)(2), in that he was injured while making a good faith effort to prevent criminally injurious conduct.   The applicant asserts his injuries resulted from his efforts to prevent his brother Kenneth from assaulting Kenneth's girlfriend Dedra Montag.

{¶ 4} The Attorney General argued that both the Columbus Police Department and the Prosecutor's Office reviewed the facts of this case and refused to press any criminal charges.   Accordingly, the Attorney General's Final Decision should be affirmed.

{¶ 5} The applicant Craig Richardson took the witness stand.   Mr. Richardson related that on April 25, 2009, he, his brother Kenneth, and Kenneth's girlfriend Dedra Montag were present at his brother's residence.   Mr. Richardson stated that there had been a history of domestic violence between the couple.

{¶ 6} On the night of the incident, the applicant heard loud noises coming from the bedroom of the residence.   When he went to explore the situation he observed his brother holding Dedra's wrists.   The situation calmed down, but a short time later it escalated in the living room.   At this point, Mr. Richardson intervened and told his brother to let Dedra go.   A verbal altercation occurred between the brothers with Kenneth requesting that the applicant leave the premises.   The applicant refused and stated that Kenneth should make him leave.   Whereupon, a physical altercation occurred.   The applicant was expelled from the residence through the screen door.

Mr. Richardson re-entered the residence and observed Kenneth assaulting Dedra. Kenneth Richardson attacked the applicant until he lost consciousness.

{¶ 7} The applicant testified that as a result of the injuries he sustained he spent approximately one week in the hospital. At no time during his hospital stay did police question him about the incident. Months after the incident the applicant went to police and related his side of the story.

{¶ 8} Upon cross-examination, the applicant testified the incident happened as one continuous event and Dedra's statements in the police report that Kenneth left the premises to cool down were erroneous. Mr. Richardson admitted that Kenneth told him to leave, he refused, and he told Kenneth to make him. He also conceded that no criminal charges were pressed against his brother with respect to this incident. Whereupon, the testimony of the applicant was concluded.

{¶ 9} The applicant next called Vance Summers to testify. He related that he was acquainted with the Richardson brothers for approximately four years. Mr. Summers testified concerning a domestic violence incident between Kenneth and Dedra on December 22, 2009.

{¶ 10} Upon cross-examination, Mr. Summers admitted he had no personal knowledge of the incident occurring on April 25, 2009. Whereupon, the testimony of Mr. Summers was concluded. At that point the applicant rested his case.

{¶ 11} The Attorney General called Columbus Police Officer Robert Reffitt to testify. The officer testified that he was called to the scene of a disturbance between the Richardson brothers on April 25, 2009. Officer Reffitt was handed the police report he completed for the incident in question. Officer Reffitt related he spoke to Dedra Montag at the scene and she did not relate that she had been a victim of an assault. He did not observe any injuries sustained by Ms. Montag. Officer Reffitt was unable to speak with the applicant since initially he was unconscious and later appeared incoherent.

{¶ 12} Debra related to him that there were two separate fights on the night of the incident. She related there was a verbal argument between herself and Kenneth, and the applicant intervened to break them up. Kenneth related to the officer that he went for a walk to cool off and when he returned the applicant was still at the residence. Dedra confirmed that Kenneth had left the residence.

{¶ 13} The officer related that he could have arrested both brothers for domestic violence but could not determine the primary aggressor. No charges would have been filed with respect to Dedra being a victim.

{¶ 14} Upon cross-examination, the officer admitted he did not conduct a follow-up interview with the applicant, but another officer went to the hospital. Whereupon, the testimony of Officer Reffitt was concluded and the state rested its case.

{¶ 15} In conclusion, the applicant asserts an ongoing violent relationship between Kenneth and Dedra has been established. Based upon the applicant's observation of the history of domestic violence between these individuals, the applicant acted in good faith based upon the belief that his brother would assault Dedra. Accordingly he was a victim of criminally injurious conduct pursuant to R.C. 2743.51(L)(2).

{¶ 16} The Attorney General contended that the evidence discloses that there were two separate incidents which occurred on April 25, 2009. The Attorney General urged this panel to follow the holding in *In re Dunlap*, V84-37393jud (1-12-87), that the applicant had an obligation to leave the premises when ordered to do so by the resident and to contact the police to handle the matter, rather than take the situation into his own hands and risk injury. However, even if for argument's sake one would agree with the applicant's version of the events, it was a mutual aggression situation and law enforcement was unable to determine the primary aggressor. Furthermore, in reliance of *In re Dunlap*, this panel should find the applicant engaged in substantial contributory

misconduct and no award should be granted.   A reduction of an award on the basis of R.C. 2743.60(F) would not be appropriate.   Whereupon, the hearing was concluded.

{¶ 17} R.C. 2743.51(L)(2) states:

"(L) 'Victim' means a person who suffers personal injury or death as a result of any of the following:

"(2) The good faith effort of any person to prevent criminally injurious conduct."

{¶ 18} R.C. 2743.51(M) states:

"(M) 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

{¶ 19} R.C. 2743.60(F) in pertinent part states:

"(F) In determining whether to make an award of reparations pursuant to this section, the attorney general or panel of commissioners shall consider whether there was contributory misconduct by the victim or the claimant. The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim."

{¶ 20} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.   *State v. DeHass* (1967), 10 Ohio St. 2d 230, paragraph one of the syllabus.   The court is free to believe or disbelieve all or any part of each witness's testimony.   *State v. Antill* (1964), 176 Ohio St. 61.

{¶ 21} From review of the case file and upon full and careful consideration of the testimony presented at the hearing, we find the applicant was a victim of criminally injurious conduct pursuant to R.C. 2743.51(L)(2), however, he did engage in

contributory misconduct as defined in R.C. 2743.51(M), but his award should be reduced by 30 percent as provided in R.C. 2743.60(F).

{¶ 22} We find based upon the testimony of the applicant and Vance Summers that Kenneth and Dedra had a history of domestic violence. We further find that on April 25, 2009, the applicant was acting in good faith based upon his belief that a strong possibility existed that Dedra would become a victim of domestic violence without his involvement. We find the testimony of the applicant outweighs the testimony of the police officer, who was not present at the scene during the altercation and who based his conclusions solely on the statements of Kenneth and Dedra, with respect to the issue whether there was one or two confrontations on the night of April 25, 2009. We find one continuous altercation occurred, and accordingly the holding in *In re Dunlap* is not relevant to this case. However, we find the applicant engaged in contributory misconduct by refusing to leave the premises and further engaging in a physical altercation when he had the opportunity to defuse the situation. Nonetheless, his interests in staying were for his perceived ability to protect Dedra, even though such perception might have been misplaced. We also considered the seriousness of the applicant's injuries and the lack of injury sustained by his brother in reaching our conclusion that any award granted to the applicant should be reduced by 30 percent. Therefore, the December 7, 2009 decision of the Attorney General is reversed.

IT IS THEREFORE ORDERED THAT

{¶ 23} 1) Applicant's motion to file his brief instanter is GRANTED;

{¶ 24} 2) The December 7, 2009 decision of the Attorney General is REVERSED and judgment is rendered in favor of the applicant. However, any award of reparations should be reduced by 30 percent due to the applicant's contributory misconduct;

{¶ 25} 3) This claim is remanded to the Attorney General for total economic loss calculation and decision in accordance with the 30 percent reduction;

**{¶ 26}** 4)    This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

**{¶ 27}** 5)    Costs are assumed by the court of claims victims of crime fund.

_____
ELIZABETH LUPER SCHUSTER
Presiding Commissioner


_____
GREGORY P. BARWELL
Commissioner


_____
RANDI M. OSTRY
Commissioner

ID #I:\VICTIMS\2009\40897\5-10-10 panel decision.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 6-25-2010
Jr. Vol. 2275, Pgs. 170-176
To S.C. Reporter 8-20-2010